3

McGREGOR W. SCOTT
United States Attorney
JEFFREY J. LODGE
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099
Email:　　　jeffrey.lodge@usdoj.gov

Attorneys for the United States
Internal Revenue Service

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>KARL E. FICK and<br>JULETTA J. FICK,<br><br>　　　　　　　　　　　Debtors.<br>------------------------------------------------<br>KARL E. FICK and<br>JULETTA J. FICK,<br><br>　　　　　　　　　　　Plaintiffs<br>v.<br><br>UNITED STATES OF AMERICA,<br>DEPARTMENT OF TREASURY,<br>INTERNAL REVENUE SERVICE,<br><br>　　　　　　　　　　　Defendant. | Case No. 19-11635-B-7<br>Chapter 7<br><br><br><br><br><br>A.P. No. 20-01004-B |

**ANSWER OF THE UNITED STATES INTERNAL REVENUE SERVICE**

　　　The United States of America, Department of Treasury, Internal Revenue Service ("IRS"), by and through the United States Attorney for the Eastern District of California, answers the Complaint to Determine Dischargeability of Federal Taxes, Doc. 27, filed on January 24, 2020. The IRS specifically denies each and every allegation not hereinafter specifically admitted. Responding to the corresponding numbered paragraphs of the complaint, the IRS answers as follows:

///

///

ANSWER　　　　　　　　　　　　　　　　　1

1. These are jurisdictional allegations to which no response is required. To the extent a response is required; the IRS admits that the Court has jurisdiction to determine the dischargeability of a debt.

2. These are jurisdictional allegations to which no response is required. To the extent a response is required; the IRS admits that determination of dischargeability of debt is a "core" matter but the other relief, either express or implied, is not. The IRS consents to entry of final orders or judgment by the bankruptcy court regarding dischargeability of debt.

3. The IRS is without sufficient knowledge or information to form a belief about the factual averments in this paragraph and for this reason, they are denied.

4. The IRS admits only that it filed a proof of claim in case number 11-60066-A-13. All remaining allegations not specifically admitted are denied.

5. The IRS is without sufficient knowledge or information to form a belief about the factual averments in this paragraph and for this reason, they are denied.

6. The IRS admits only that it has conducted an audit and informed the Plaintiffs of the results, to which the Plaintiffs have never responded. The 2015 tax liabilities are nondischargeable as the return was filed after the due date of the return and within two years before the filing of the petition. 11 U.S.C. § 523(a)(1)(B). The 2016 tax liabilities are nondischargeable as the tax return was due within three years of the filing of the bankruptcy petition. 11 U.S.C. § 507(a)(8). All remaining allegations not specifically admitted are denied.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Taxes not dischargable)**

Tax liabilities are nondischargeable where the return was filed after the due date of the return and within two years before the filing of the petition. 11 U.S.C. § 523(a)(1)(B). Tax liabilities are nondischargeable where the tax return was due within three years of the filing of the bankruptcy petition. 11 U.S.C. § 507(a)(8).

### THIRD AFFIRMATIVE DEFENSE

### (Additional Defenses)

The IRS reserves the right to assert additional affirmative defenses as their applicability is discovered throughout this case.

WHEREFORE, the IRS prays that the Plaintiffs take nothing by reason of the complaint, that judgment be entered in favor of the IRS, and for such other relief as the Court deems proper.

Dated: March 2, 2020                                    Respectfully submitted,

McGREGOR W. SCOTT
United States Attorney

By:    /s/Jeffrey J. Lodge
Jeffrey J. Lodge
Assistant U.S. Attorney
Attorneys for the United States
Small Business Administration